IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DR. NASSAR MORADI                    :

                                     :

    v.                               : Civil Action No. DKC 2006-1344

                                     :

ST. PAUL TRAVELERS INSURANCE
COMPANY, et al.                      :

**MEMORANDUM OPINION**

Presently pending in this insurance case is a motion by Defendants to dismiss.[1] (Paper 11).  The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, the court will grant Defendants motion to dismiss.

**I.  Background**

Plaintiff Dr. Nassar Moradi filed this action seeking payment under an insurance contract for damage to the indoor swimming pool in his home at 12421 Arrow Park Drive in Fort Washington, Maryland. Plaintiff's complaint asserts claims for breach of contract (Count

_____

[1] Plaintiff named St. Paul Travelers Insurance Company and The Standard Fire Insurance Company as Defendants in the complaint. Defendants style their responses as responses by both Defendants, but indicate that there is no company by the name of St. Paul Travelers Insurance Company.  (*See* paper 2, at 9; paper 2, Ex. 1, Atkins Aff., at 1).  The affidavit submitted by Defendants indicates that two corporate parents of The Standard Fire Insurance Company, Travelers Property Casualty Corp. and The St. Paul Travelers Companies, Inc., (paper 2, Ex. 1, Atkins Aff., at 2) have names similar to "St. Paul Travelers Insurance Company," but it is not clear which of these companies, if either, Plaintiff intended to name as a Defendant.  In any event, service has not been completed as to any Defendants, and, for the reasons set forth below, Plaintiff's complaint will be dismissed.

1) and bad faith failure to settle (Count 2).  (Paper 1, at 2-3).
Plaintiff initially filed the complaint, on December 25, 2005, in
the Eastern District of Pennsylvania.  Defendant filed a motion to
dismiss or in the alternative to transfer venue.  (Paper 2).  Judge
J. William Ditter, Jr., of the Eastern District of Pennsylvania
issued an Order on April 13, 2006, transferring the case to this
court.  (Paper 5).

Plaintiff filed a status report on July 27, 2006, noting that
Defendants' motion to dismiss was no longer pending because the
alternative motion to transfer venue had been granted.  (Paper 10).
Defendants responded by filing a status report combined with a
request to renew its motion to dismiss.  (Paper 11).  Defendants'
original motion to dismiss (paper 2) requested dismissal based on
lack of subject matter jurisdiction, improper venue, insufficiency
of service of process, and failure to state a claim.  Plaintiff has
not responded to this motion.  Plaintiff's counsel in the District
Court for the Eastern District of Pennsylvania, Frank J. Marcone,
filed a motion to be admitted pro hac vice (paper 13), but because
the motion did not conform to this court's local rules, the motion
was denied by an Order issued on August 11, 2006 (paper 14).
Because Plaintiff was unrepresented before this court, the Clerk
mailed a letter directly to Plaintiff, at the address of
Plaintiff's residence indicated in the complaint, on August 14,
2006.  (Paper 15).  This letter indicated that a motion to dismiss

had been filed and that a response was required within seventeen days. Plaintiff has not responded to this letter or to Defendants' motion to dismiss.

## II. Analysis

Defendants' motion to dismiss first argued that personal jurisdiction over Defendants does not exist in Pennsylvania, but Defendants have never argued that this court lacks personal jurisdiction. Defendants also argue that Plaintiff has not provided Defendants with adequate service of process or adequate process.

Fed.R.Civ.P. 4(c)(1) requires that "[a] summons shall be served together with a copy of the complaint." A motion to dismiss for "insufficiency of process" or for "insufficiency of service of process" is authorized by Fed.R.Civ.P. 12(b)(4)-(5). When technically insufficient service or process

> gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

*Armco, Inc. v. Penrod-Stauffer Bldg. Sys.*, Inc., 733 F.2d 1087, 1089 (4th Cir. 1984) (footnote omitted). A plaintiff bears the burden of establishing sufficient service of process. *McRae v. Rogosin Converters, Inc.*, 301 F.Supp.2d 471, 474 (M.D.N.C. 2004).

3

Local Rule 103.8(a) also authorizes dismissal of an action without prejudice if service is not completed within 120 days of the issuance of a summons after the party seeking relief has had an opportunity to demonstrate good cause for the failure to complete service.

Although Defendants style their motion as requesting dismissal only for insufficiency of service of process under Fed.R.Civ.P. 12(b)(5), Defendants argue both that the method of service used was insufficient and that the process served was insufficient because Defendants were not served a summons. Therefore the court will construe Defendants' motion as one for dismissal under Fed.R.Civ.P. 12(b)(4)&(5) for insufficiency of process and insufficiency of service of process. Defendants offer an affidavit executed by Dana Atkins, a unit manager for The Standard Fire Insurance Company, indicating that no summons was received by Defendants. (Paper 2, Ex. 1, Atkins Aff., at 2). Defendants also submit a cover letter from Plaintiff's counsel and a copy of the complaint that was attached to this letter, which Dana Atkins identifies as the only attempt at service received by Defendants. (*Id.*).

Plaintiff has presented no evidence of sufficient service or process, and Defendants' evidence supports a conclusion that no summons was served on Defendants. Because of this failure and because the mandate of Fed.R.Civ.P. 4(c)(1) that a summons be served is explicit and clear, dismissal of Plaintiff's complaint on

this basis is appropriate.[2]   *See Armco*, 733 F.2d at 1089.
Furthermore, Plaintiff has had ample notice that Defendants' motion
to dismiss was pending, yet has failed to respond.   Therefore an
order requiring Plaintiff to show good cause for its failure to
complete adequate service under Local Rule 103.8(a) is not
necessary.

For the foregoing reasons, Defendants' motion to dismiss for
insufficiency of process will be granted, and Plaintiff's complaint
will be dismissed.   A separate Order will follow.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

[2] Defendants also request dismissal on other grounds, including failure to state a claim, but because dismissal will be granted for insufficiency of process, the alternative grounds for dismissal need not be considered.